UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAY ANTONACCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV412 RLW |
| | ) |
| MONARCH FIRE PROTECTION | ) |
| DISTRICT, ROBIN HARRIS, and | ) |
| JANE CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Non-Party International Association of Fire Fighters, Local 2665's ("IAFF, Local 2665") Motion to Quash/Modify Defendants' Subpoena (ECF No. 14). Also pending is Defendants' Motion to Compel testimony and production of documents from IAFF, Local 2665 (ECF No. 15). The motions are fully briefed and ready for disposition. Upon review of the motions and responses thereto, the Court will grant IAFF Local 2665's motion to quash or modify and deny Defendants' motion to compel.

## Background

Plaintiff filed a First Amended Petition in state court, which Defendants promptly removed to federal court, alleging disability discrimination under the Missouri Human Rights Act ("MHRA"), violation of Plaintiff's right to freedom of association under the U.S. Constitution, and retaliation for reporting discriminatory acts. (First Amended Compl. ["FAC"], ECF No. 4) Plaintiff was previously employed by Defendant Monarch Fire Protection District ("District") as a fire fighter/paramedic. (*Id.* at ¶ 9) He was involved in an off duty motorcycle accident causing injuries that prevented him from continuing to work as a fire fighter/paramedic.

(*Id.* at ¶ 10) He remained an employee of the District and eventually took a medical leave of absence. (*Id.* at ¶¶ 11-12) The District then hired Plaintiff as a Public Education Officer, during which time Plaintiff alleges he was treated differently than other similarly situated employees. (*Id.* at ¶¶ 13-17) Not long after, the District informed Plaintiff that the Public Education Officer position had been eliminated. (*Id.* at ¶ 18) Plaintiff subsequently applied for a positon as a Fire Inspector, but the District chose to hire outside instead of internally. (*Id.* at ¶¶ 21-23) Plaintiff alleges that the employment decisions made by the District were impacted by negative statements about Plaintiff's disability and about the IAFF, Local 2665, with which Plaintiff previously held a leadership position as Shop Steward for the Monarch Fire Protection District Shop. (*Id.* at ¶¶ 19, 24-27)

On May 28, 2015, IAFF, Local 2665 filed a motion to quash or modify Defendants' subpoena requesting testimony regarding the identity of any District employee who has held positions in IAFF, Local 2665 from 2002 to present. IAFF, Local 2665 contends that Plaintiff's union activities occurred between 2005 and 2006, rendering the discovery of the identity of District employees holding union positions prior to 2005 overly broad, unduly burdensome, and not relevant. In response, Defendants filed a Motion to Compel, seeking information from IAFF, Local 2665 for the period of January 1, 2002 through December 31, 2004.[1]

## Discussion

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant

---

[1] Review of the pleadings indicates that IAFF, Local 2665 has agreed to produce all the documents requested from 2005 to present. (IAFF, Local 2665's Mot. in Opp. ¶ 9, ECF No. 19)

2

information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

IAFF, Local 2665 argues that Defendants' Subpoena Duces Tecum and request for testimony regarding the identity of Monarch employees holding positons with IAFF, Local 2665 for the past thirteen (13) years is overly broad, unduly burdensome, and not relevant. Defendants argue that IAFF, Local 2665 should not be permitted to choose which union activities are too remote in time to have caused discrimination/retaliation.

The Court finds that the identity of District employees prior to 2005 is too remote in time and not reasonably calculated to lead to the discovery of admissible evidence. IAFF, Local 2665 states that Plaintiff held the elected position of Shop Steward between 2005 and 2006. Plaintiff's First Amended Complaint alleges that Plaintiff was discriminated and retaliated against based upon on this leadership position. IAFF, Local 2665 has agreed to provide ten (10) years of documents pertaining to Defendants' request. The Court finds that, in this instance, information exceeding ten years would be unduly burdensome to the non-party union. *See, e.g., Lewis v. Temp-Air, Inc.*, No. , 2014 WL 5432122, at *1 (E.D. Mo. Oct. 27, 2014) (finding interrogatory as written to be overly broad and compelling plaintiff to respond to request for information pertaining to prior employment to the past ten years). Therefore, the Court will grant IAFF, Local 2665's Motion to Quash/Modify to the extent that the scope of testimony and production of documents shall be limited to the time period of 2005 to present. Further, the Court will deny Defendants' Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Non-Party International Association of Fire Fighters, Local 2665's Motion to Quash/Modify Defendants' Subpoena (ECF No. 14) is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTER ORDERED** that Defendants' Motion to Compel (ECF No. 15) is **DENIED.**

Dated this 6th day of July, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**